UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT PINTADO,<br><br>  Plaintiff,<br><br>v.<br><br>MAYWOOD POLICE DEPARTMENT, et al.,<br><br>  Defendant. | Case No. 2:18-cv-00991-JAD-CWH<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Robert Pintado brings this case against the Maywood Police Department and Maywood City Hall for return of his personal property. Pintado moves to proceed *in forma pauperis*. (IFP Application (ECF No. 1).) Pintado submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Pintado's request to proceed *in forma pauperis* therefore will be granted. The court now screens Pintado's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.   ANALYSIS**

  **A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Pintado brings a complaint against the Maywood Police Department and Maywood City Hall, alleging he would like his things returned to him, including properties, accounts, and cars. (Compl. (ECF No. 1-1) at 1.) Pintado also would like an apology. (*Id.*) Pintado advises the court that it may contact Robert Muller or Angela Merkel, the German Chancellor, regarding this matter. (*Id.* at 2.) Pintado states that the court has diversity jurisdiction in this matter. (Civil cover sheet (ECF No. 1-2).) But he does not allege the parties' citizenship or the amount in controversy.

#### 1. Jurisdiction

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires

complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Pintado does not allege facts invoking the court's jurisdiction. He does not allege claims arising under the Constitution, laws, or treaties of the United States and therefore does not invoke the court's federal question jurisdiction. As for diversity jurisdiction, Pintado does not allege the parties' citizenship or the amount in controversy. Thus, even liberally construing his complaint, the court cannot determine its own jurisdiction. As the party seeking to invoke the court's jurisdiction, Pintado bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The court therefore will recommend that this case be dismissed for lack of subject-matter jurisdiction, with leave to amend.

*2. Amendment*

If Pintado chooses to amend, he must include factual allegations demonstrating that a federal question exists. Alternatively, he must include factual allegations demonstrating there is complete diversity of citizenship and more than $75,000 in controversy. Additionally, Pintado is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II.   CONCLUSION**

IT IS THEREFORE ORDERED that Pintado's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Pintado will not be required to pay the filing fee in this action. He is

permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file Pintado's complaint (ECF No. 1-1).

IT IS RECOMMENDED that this case be dismissed with leave to amend.

**III.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 10, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE