# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ROBERT PINTADO,

        Plaintiff,

    v.

MAYWOOD POLICE DEPARTMENT, et al.,

        Defendant.

Case No. 2:18-cv-00991-JAD-DJA

**ORDER AND
REPORT AND RECOMMENDATION**

Presently before the Court is pro se Plaintiff Robert Pintado's Amended Complaint (ECF No. 10) filed on August 26, 2019. Also before the Court is Plaintiff's Motion to Amend Summons filed on November 4, 2019 (ECF No. 13) and a Motion for Time filed on November 12, 2019 (ECF No. 14).

## I.    BACKGROUND

Pintado's original Complaint was a two-page document against the Maywood Police Department and Maywood City Hall alleging that he would like his things returned to him including properties, accounts and cars. (Compl. (ECF No. 1-1) at 1.) Pintado also requested an apology. (*Id*.) The Court previously screened Pintado's Complaint and found it to be deficient because it lacked subject matter jurisdiction. (Screening Order ECF No. 5). The Court recommended that Pintado be granted leave to amend his Complaint and the District Judge adopted that recommendation granting leave to amend until September 6, 2019. (ECF No. 9).

## II.    DISCUSSION

Pintado filed an Amended Complaint by the court-ordered deadline. (Am. Compl. ECF No. 10). The Amended Complaint only lists Maywood Police Department as a defendant and appears to attempt to address issues raised in the Report and Recommendation dismissing the

1  original Complaint.  In the Amended Complaint, Pintado alleges subject matter jurisdiction for

2  three reasons:  civil law, family law and criminal law.  (ECF No. 10 at p. 1).

3      Pintado outlines various different civil law paragraphs alleging casino winnings, realty,

4  sports cars, bank accounts, patent documents related to Facebook.com and its invention,

5  shipwrecks and the extraction of gold artifacts, and lottery winnings. (ECF No. 10, pp. 2-5).  As it

6  relates to family law Pintado makes vague allegations regarding missing people in his life and

7  "my kids their bodies ended up outside the White House when President Obama was serving his

8  term." (ECF No. 10 p. 5).  Pintado also cites unknown codes related to family law but does not

9  make any further allegations regarding how family law equates to subject matter jurisdiction.  As

10  it relates to criminal law, Pintado makes vague allegations regarding shipwrecks, gold extraction

11  and the accumulation of money exchanged for items throughout the years, alleging that among

12  others former President Obama and former Prime Minister of Britain Theresa May are familiar

13  with these allegations.  (ECF No. 10 p. 4).  Pintado also makes other criminal allegations and

14  cites crimes and penalties sections that are unintelligible to the court.  (*Id* at pp. 5-6).  Pintado

15  alleges that the amount in controversy exceeds $75,000 and further alleges that the amount in

16  controversy is in the billions of dollars.  (ECF No. 10 at p. 10).  The Court now screens Pintado's

17  Amended Complaint as required by 28 U.S.C. §1915(e)(2).

18      **A.      Screening the Amended Complaint**

19      In screening a complaint, a court must identify cognizable claims and dismiss claims that

20  are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary

21  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint is

22  frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims

23  describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

24  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to

25  state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108,

26  1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual

27  matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v.*

28  *Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Even liberally construing Pintado's Amended Complaint, the Court finds that his factual allegations describe fantastic and delusional scenarios that do not state a claim upon which relief can be granted. As outlined above, Pintado alleges gambling winnings in the billions of dollars, real estate holdings in California, Nevada and Florida, high end vehicles (for e.g. Ferrari's, Lamborghini's, Rolls Royce) and an allegation that he is the inventor of Facebook. The Amended Complaint seems to allege that the Maywood Police Department somehow was complicit in these types of properties being taken from Pintado and that he is entitled to return of these properties. The Amended Complaint further alleges that former Attorney General Robert Mueller is aware of these allegations and should be subpoenaed in relation to the alleations. Clearly these fantastic and delusional allegations do not state a claim upon which this Court finds that relief could be granted, and given that Pintado was given an opportunity to amend his complaint and the Amended Complaint does not set forth plausible claims, it is recommended that his claims be dismissed with prejudice because any future amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1112, 1126 (Ninth Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

Even if the Court could find a cognizable claim within the Amended Complaint, the Court cannot find that it would have jurisdiction over the allegations contained in the Amended Complaint. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires

complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Pintado does not allege facts in the Amended Complaint invoking this Court's jurisdiction. While he makes a general allegation that the matter in controversy is greater than $75,000, Pintado has not alleged that the parties' citizenship is cause for diversity jurisdiction or established that the District of Nevada is the proper venue for this lawsuit. While the Amended Complaint alleges casino winnings from Las Vegas casinos in excess of billions of dollars (a delusional claim in and of itself), and an allegation that Pintado allegedly made a complaint to the Las Vegas Metropolitan Police Department regarding the allegations he now makes in his complaint, there appears to be nothing else tying this case to the district of Nevada.

At the time that Pintado initially filed his Complaint in 2018, it appears as though he was a resident of Las Vegas, which could have made venue in the district of Nevada appropriate. However, at the time of the filing of this Amended Complaint, Pintado is clearly a resident of California and has no ties whatsoever to the district of Nevada. The general, fantastic allegations about alleged casino winnings in Nevada are not such that venue would be proper in Nevada or that federal jurisdiction has been established. Thus, even liberally construing his Amended Complaint, the Court does not find it has jurisdiction. As the party seeking to invoke the Court's jurisdiction, Pintado bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The Court, therefore, will also recommend that this case be dismissed for lack of subject matter jurisdiction without leave to amend as any attempted amendment will be futile.

**B.     Other Requests for Relief**

Pintado also filed a Motion to Amend Summons on November 4, 2019. (ECF No. 13). In that motion, Pintado appears to request a summons in a civil action be issued for former FBI

Director Robert Mueller. (*Id.*; *See also*, ECF No. 13-1). Pintado seems to request that Mueller be added as a defendant in the case since he allegedly has information regarding the claims contained in Pintado's Amended Complaint. A motion to amend summons is not the appropriate pleading to add a defendant or request a summons in a civil case. For this reason alone, Pintado's request is not proper. Moreover, given the Court's decision on recommending dismissal of Pintado's Amended Complaint, his Motion to Amend the Summons is moot. For these reasons, the Court will deny the Motion to Amend Summons.

Pintado also filed a Motion for Time on November 12, 2019. (ECF No. 14). In this motion Pintado requests additional time pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*) It is unclear what relief Pintado is requesting in the notice and motion for time, but given the record in the case, the Court believes Pintado's motion is in response to a notice regarding intention to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure filed by the Clerk of Court on October 23, 2019. (ECF No. 11). In that notice, the clerk's office advised Pintado that his complaint would be dismissed for failure to serve the complaint on the defendants pursuant to FRCP 4(m). Pintado requests more time in order to address that order since he will be out of the country from late November 2019 until after January 2, 2020.

The Court does not know why the clerk's office would have issued this notice regarding the intention to dismiss given the procedural status of the case at that time. Specifically, at the time the notice was filed, Pintado's Amended Complaint was pending before the Court awaiting screening. As such, Pintado was not required to serve the Amended Complaint on any of the defendants until such time as the Court had approved the filing of the complaint. Thus, the clerk's notice was premature and therefore Pintado's motion for additional time to serve the defendants (which is what the court interprets his motion for time to be) is moot. Moreover, given the Court's recommendation in this report and recommendation to dismiss the Amended Complaint with prejudice, the motion for additional time to serve the defendants is likewise moot for that reason. As such, the Court will deny Pintado's Motion for Time.

/ / /

/ / /

III.    **ORDER**

IT IS THEREFORE ORDERED that Pintado's Motion to Amend Summons (ECF No. 13) be **denied**.

IT IS FURTHER ORDERED that Pintado's Motion for Time (ECF No. 14) be **denied**.

IV.    **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Pintado's Amended Complaint (ECF No. 10) **be dismissed without leave to amend** for the reasons stated herein.

V.    **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: February 6, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE