# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Robert Pintado, <br><br> Plaintiff <br><br> v. <br><br> Maywood Police Department and Maywood, California City Hall, <br><br> Defendants | Case No.: 2:18-cv-00991-JAD-DJA <br><br> **Order Overruling Objections, Adopting Report and Recommendation, and Closing Case** <br><br> [ECF No. 16] |

Last year, Robert Pintado's lawsuit against the Maywood Police Department and Maywood City Hall was dismissed because he had not shown that this court has jurisdiction over his request for the defendants to return his property and for an apology.[1] But he was given leave to amend his complaint if he could plead true facts to show that diversity jurisdiction existed. Magistrate Judge Daniel J. Albregts screened his amended complaint and determined that it still lacks any facts which, even liberally construed, could state a claim for relief.[2] Pintado objects to the magistrate judge's order,[3] but after reviewing his complaint de novo,[4] I find that he cannot state a claim for relief. So I overrule Pintado's objections, adopt the report and recommendation, and close this case.

## Discussion

Pintado's amended complaint is filled with a series of fanciful allegations: he lost billions of dollars from a Las Vegas casino; Facebook founder Mark Zuckerberg and his friends

---

[1] ECF No. 9.

[2] ECF No. 16 (report and recommendation).

[3] ECF No. 17 (objection).

[4] 28 U.S.C. § 636(b)(1)(C).

threatened and attacked him; Prime Minister Theresa May and President Barack Obama are aware of an extraction of gold from a shipwreck; his children's bodies landed outside of the White House during the Obama presidency, on Prime Minister May's front door, and also on Chancellor Angela Merkel's office steps; and he had an agreement with the Maywood Police that he would submit a court order document in June 2018.[5] Pintado requests that the court reach out to Robert Mueller; Prime Minister May; Chancellor Merkel; Charles, Prince of Wales; and others because he contends that he has already provided them with evidence relevant to this claim.

Pintado also includes links to various California laws, including its sections on child custody and crimes and punishment.[6] But these sections do not create a private right of action,[7] and Pintado does not provide any facts that would give rise to a claim under any other law. From Pintado's objection, it appears that he claims to have won several million dollars at a Las Vegas casino but was unable to cash out on his win.[8] He adds that he was assaulted and that the money was taken, so he filed a report with the police department, but he still "has no access" to those winnings.[9] Liberally construing Pintado's complaint, it appears that he claims that the Maywood California Police Department knew of the alleged theft but has taken no action.[10] While I am sympathetic to his alleged property loss, Pintado cannot state a claim for relief against the defendants he names on the facts he pleads.

---

[5] ECF No. 10 (amended complaint).
[6] *Id.* at 6–7 (citing Cal. Pen. Code §§ 422.55–422.93 and Cal. Fam. Code § 3011).
[7] *See In re M.S.*, 896 P.2d 1365, 1374 (Cal. 1995) (noting that a different section provides a "private right of action for damages and injunctive relief for interference with civil rights").
[8] ECF No. 17 at 2 (objection).
[9] *Id.*
[10] *Id.* at 3 ("Mainly what I want are (sic) for my things to be returned and the report filed back then, to be brought forward.").

Pintado was already given leave to amend his complaint, which in more simple terms, requested the same relief.  Because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment,"[11] I overrule Pintado's objections to the magistrate judge's report and recommendation and dismiss this case with prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that Pintado's objection to the magistrate judge's report and recommendation **[ECF No. 17] is OVERRULED**, and the magistrate judge's recommendation **[ECF No. 16] is ADOPTED in part** as to the recommendation that I dismiss Pintado's complaint for failure to state a claim upon which relief can be granted.  I decline to adopt the report and recommendation in all other respects.

IT IS FURTHER ORDERED that this action **is DISMISSED with prejudice**, and the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
October 26, 2020

---

[11] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).